Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Michael P. Quill;<br><br>Plaintiff,<br><br>v.<br><br>Client Services, Inc.;<br><br>Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

## I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA. Plaintiff seeks to recover actual damages and statutory damages, together with reasonable attorney's fees and costs.

## II. JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## III. PARTIES

3. Plaintiff is a natural person who resides in Maricopa County, Arizona.
4. Plaintiff is allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Client Services, Inc. is a Missouri corporation registered to do business within the state of Arizona.
7. Client Services is licensed by the Arizona Department of Financial Affairs as a collection agency, license number 0910056.
8. Client Services collects or attempts to collect debts which have been assigned to it after default.
9. Client Services is a "debt collector" as that term is defined by FDCPA § 1692a(6).

## IV. Factual Allegations

10. Some time prior to 2006, Plaintiff and his then wife incurred a credit card debt with Citibank, N.A.
11. The Citibank debt was incurred for personal, family, or household purposes.
12. In Plaintiff's divorce decree, his ex-wife was ordered to pay the Citibank debt.

1  13. Sometime later, Plaintiff's ex-wife filed bankruptcy, and Citibank then
2      came to Plaintiff for payment.
3  14. Eventually, in late 2006 or early 2007, Plaintiff was unable to continue
4      making payments on the Citibank account.
5  15. In or about July or August 2016, Citibank assigned the account to
6      Client Services for collection purposes.
7  16. At the time it was assigned, the Citibank debt was well past the statute
8      of limitations and time-barred from legal action.
9  17. On or about August 1, 2016, Client Services mailed or caused to be
10     mailed a collection letter to Plaintiff in an attempt to collect the
11     Citibank debt. (A copy of the collection letter is attached hereto as
12     Exhibit A)
13 18. In the August 1st letter, Client Services alleges that the balance owed
14     on the Citibank account was $147,514.92.
15 19. Shocked by the demand from Client Services, Plaintiff sent Client
16     Services a letter dated August 24, 2016 disputing the debt and request-
17     ing verification.
18 20. On September 19, 2016, Client Services responded to Plaintiff's dis-
19     pute and request for validation of the debt by mailing Plaintiff a letter
20     together the front page of thirteen (13) billing statements from 2006.
21 21. The final billing statement included in Client Services "verification"
22     was dated December 7, 2006, and showed a balance owing of
23     $16,534.01, not the $147,514.92 which Client Services had claimed was
24     due.
25 22. On October 3, 2016, Plaintiff sent Client Services another letter disput-

1  ing the debt and requesting that it provide an explanation of the
2  amount claimed to be owed.
3  23. On October 21, 2016, Client Services responded with a nearly identical letter to its September 19th letter, and with copies of the same thirteen (13) billing statements from 2006.
4  24. Once again, the latest billing statement provided was dated December 7, 2006 with a balance owed of $16,534.01.
5  25. Client Services never properly verified that Plaintiff owed Citibank $147,514.92 as of August 1, 2016.
6  26. At the time Client Services sent its August 1st letter to Plaintiff, the Citibank debt was well past the statute of limitations and time-barred from legal action.
7  27. Upon information and belief, Client Services knew at the time it sent its August 1st letter to Plaintiff that the Citibank debt was past the statute of limitations and time-barred from legal action.
8  28. Client Services failure in its August 1st letter to notify Plaintiff that the debt was time-barred and that he cannot be sued to collect the debt is misleading and deceptive to Plaintiff and to the least sophisticated consumer.
9  29. As a result of Defendant's actions as outlined above, Plaintiff has suffered actual damages including, but not limited to, emotional distress, anxiety, worry, invasion of privacy, and other extreme emotional distress.
10 30. Defendant's actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff's rights, and part of Defen-

dant's persistent and routine practice of debt collection.

31. In the alternative, Defendant's actions were negligent.

## V.  Causes of Action

### a. Fair Debt Collection Practices Act

32. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

33. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692g.

34. As a direct result and proximate cause of Defendant's actions taken in violation of the FDCPA, Plaintiff has suffered actual damages.

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Actual damages under the FDCPA;

b) Statutory damages under the FDCPA;

c) Costs and reasonable attorney's fees pursuant to the FDCPA; and

d) Such other relief as may be just and proper.

/ / /

/ / /

DATED   November 2, 2016  .

     s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff